J-S01017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KERRY JOHN SIBBLE | |
| Appellant | No. 545 WDA 2014 |

Appeal from the PCRA Order December 30, 2013
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000118-2012
CP-61-CR-0000157-2011

BEFORE: GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 30, 2015**

Kerry John Sibble ("Appellant") appeals from the order of the Venango County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We remand to the PCRA court for further proceedings consistent with this opinion.

On March 22, 2011, Appellant was charged at CP-61-CR-0000157-2011 with driving under the influence/general impairment (2nd offense),[1] driving under the influence/highest rate of alcohol (2nd offense),[2] restrictions of alcoholic beverages,[3] and careless driving.[4] On March 8,

_____

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 3802(c).

[3] 75 Pa.C.S. § 3809(a).

2012, Appellant pled guilty to all charges. He requested a continuance of his sentencing hearing because he had a separate case pending and wanted to be sentenced for both cases at the same hearing.

The charges in the second case, CP-61-CR-0000118-2012, stemmed from an April 1, 2011 criminal information, alleging criminal conspiracy to manufacture a controlled substance (methamphetamine)[5] and possessing precursors with intent to manufacture.[6] On April 12, 2012, Appellant pled guilty to the conspiracy to manufacture count and the Commonwealth *nolle prossed* the possessing precursors count.

On April 12, 2012, the trial court granted Appellant's motion to change the sentencing date to April 27, 2012 and to impose sentence for both convictions at the same hearing.

On April 27, 2012, the trial court sentenced Appellant at CP-61-CR-0000157-2011 (the March 8, 2012 conviction) to one to five years' incarceration for DUI/highest rate and imposed $25.00 fines for the summary offenses of restrictions of alcoholic beverages and careless driving. The trial court did not impose a sentence for DUI/general impairment, which it found merged with DUI/highest rate. The trial court sentenced Appellant

*(Footnote Continued)* —————————

[4] 75 Pa.C.S. § 3714(a).

[5] 18 Pa.C.S. § 903(a)(1); 35 P.S. § 780-113(a)(30).

[6] 35 P.S. § 780-113.1(a)(3).

at CP-61-CR-0000118-2012 (the April 12, 2012 conviction) to 2 to 5 years' incarceration for criminal conspiracy, which was to run consecutive to the sentence imposed at CP-61-CR-0000118-2012.

Appellant filed a motion to reconsider sentence, which the trial court denied on May 7, 2012. Appellant did not appeal.

On January 10, 2013, Appellant filed a PCRA petition. The PCRA court appointed counsel[7] and held a hearing on November 1, 2013. On December 30, 2013, the PCRA court denied the petition. Appellant filed a *pro se* notice of appeal.[8] On March 31, 2014, the court granted Appellant *in forma pauperis* status. On April 30, 2014, Appellant filed a *pro se* statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On May 13, 2014, the PCRA court issued a 1925(a) opinion adopting its December 30, 2013 opinion denying Appellant's PCRA petition.

Appellant raises the following issue on appeal:

---

[7] Counsel did not file an amended PCRA petition.

[8] The court issued the order denying his PCRA petition on December 30, 2013. Appellant's proof of service states he mailed his notice of appeal on January 23, 2014. The clerk of court did not docket the notice until March 25, 2014. Pursuant to the prisoner mailbox rule, the notice was timely. **Commonwealth v. Hopfer**, 965 A.2d 270, 272 n.2 (Pa.Super.2009) ("Pursuant to the 'prisoner mailbox rule,' we deem [an appellant's] documents filed on the date when he placed them in the hands of prison authorities for mailing.").

> Did the lower court judge erred [sic] when he denied my ineffective counsel claims?

Appellant's Brief at 1.

We cannot review this claim. We may not review *pro se* filings submitted by a counseled appellant. **See Commonwealth v. Willis**, 29 A.3d 393, 399 (Pa.Super.2011) (court erred in considering merits of *pro se* amended PCRA petition where defendant had counsel); **Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa.2011) (Supreme Court of Pennsylvania has "long-standing policy that precludes hybrid representation").[9] A defendant has a right to representation by counsel for a first PCRA petition. **Commonwealth v. Stossel**, 17 A.3d 1286, 1288 (Pa.Super.2011). This right exists "throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(F)(2); **accord Commonwealth v. Brown**, 836 A.2d 997, 998-99 (Pa.Super.2003). Where counsel has entered an appearance on a defendant's behalf, "counsel is obligated to continue representation until the case is concluded or counsel is granted leave by the court to withdraw his appearance." **Brown**, 836 A.2d at 999. Further, "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Commonwealth v.**

---

[9] Hybrid representation is "self-representation together with counseled representation." **Commonwealth v. Ellis**, 626 A.2d 1137, 1138 (Pa.1993).

*Grazier*, 713 A.2d 81, 82 (Pa.1998). For waiver of the right to PCRA counsel, the court must determine at the *Grazier* hearing whether Appellant understands: "(1) his right to be represented by counsel; (2) that if he waived this right, he will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted." *Commonwealth v. Robinson*, 970 A.2d 455, 459 (Pa.Super.2009). A *Grazier* hearing is required even when neither party challenges the lack of a hearing. *See Stossel*, 17 A.3d at 1290.

Because Appellant filed a *pro se* notice of appeal of the denial of his first PCRA petition, we remand this case to the PCRA court for a *Grazier* hearing. The PCRA court shall conduct the hearing within 30 days of the date of this memorandum. If Appellant wishes to proceed *pro se*, the PCRA court may permit Appellant's counsel to withdraw, and the PCRA court shall return the record to this Court for disposition of the appeal. If, however, Appellant does not waive his right to counsel, the PCRA court shall determine whether Appellant's counsel abandoned him and either appoint new counsel to represent Appellant or direct his counsel to continue to represent Appellant on appeal.[10] If Appellant wishes to proceed with

_____

[10] If counsel continues to represent Appellant, counsel would have the following three options:

> Counsel could resume his representation and file an advocate's brief in appellant's behalf, counsel could resume his representation and file a [brief pursuant to

*(Footnote Continued Next Page)*

- 5 -

counsel, the PCRA court shall instruct counsel to file an amended Rule 1925(b) statement and the trial court shall issue a supplemental Rule 1925(a) opinion. The 1925(a) opinion shall be filed within 45 days of the *Grazier* hearing.

Case remanded for further proceedings consistent with this memorandum. Jurisdiction retained.

*(Footnote Continued)* ─────────

> *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988),] or counsel could petition the PCRA court for leave to withdraw prior to the filing of a brief with this court.

*Brown*, 836 A.2d at 999 (quoting *Commonwealth v. Quail*, 729 A.2d 571, 573 n.2 (Pa.Super.1999)).