J-S26004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMAN WILLIAMS, JR. | |
| Appellant | No. 452 MDA 2014 |

Appeal from the PCRA Order February 4, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001173-2004

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 04, 2015**

Norman Williams, Jr., appeals *pro se* from the order entered in the Court of Common Pleas of Dauphin County, dated February 4, 2014, dismissing his amended petition filed under the Post-Conviction Relief Act (PCRA).[1]  Williams seeks relief from the judgment of sentence of life imprisonment imposed on February 28, 2005, following his jury conviction of second-degree murder and criminal conspiracy to commit murder.[2]  For the reasons set forth below, we remand this case to the PCRA court for the appointment of counsel.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(b) and 903, respectively.

The procedural history of this case as reflected in the certified record follows. On January 10, 2005, a jury convicted Williams of the above-stated crimes. On February 28, 2005, the court sentenced Williams to a term of life imprisonment without the possibility of parole for the murder conviction, and a concurrent term of 12 to 24 years' incarceration for the conspiracy crime. A panel of this Court affirmed his judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Williams*, 898 A.2d 1136 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 907 A.2d 1102 (Pa. 2006).

Williams filed a *pro se* PCRA petition on January 10, 2007. Counsel was appointed, and filed an amended PCRA petition on April 3, 2007. Counsel then filed a motion to withdraw as counsel on July 23, 2007.[3] Three days later, the court granted counsel's motion, and issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On August 24, 2007, after receiving no response from Williams, the PCRA court dismissed his petition, and Williams filed a notice of appeal that was docketed on September 27, 2007. On July 17, 2009, a panel of this Court remanded the matter, finding the record did not allow the panel to

---

[3] Counsel did not file a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

definitively determine whether Williams had timely filed his notice of appeal.[4]

***See Commonwealth v. Williams***, 979 A.2d 838 (Pa. Super. 2009) (unpublished memorandum). On remand, the PCRA court held a hearing on September 2, 2009, and found Williams had filed a timely appeal.[5] Nevertheless, on November 9, 2009, this Court vacated the July 26, 2007, and August 24, 2007, orders, and remanded the matter, because we determined counsel failed to satisfy the technical prerequisites of ***Turner/Finley***, and therefore, the PCRA court erred by granting counsel's request to withdraw. ***See Commonwealth v. Williams***, 988 A.2d 732 (Pa. Super. 2009) (unpublished memorandum).

On remand again, Williams filed a *pro se* motion for leave to amend his original PCRA petition. In a December 9, 2010, order, the PCRA court appointed new counsel and granted Williams leave to file a supplemental petition. Williams, through counsel, then filed a supplemental PCRA petition on July 7, 2011. On August 2, 2011, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing. During the ensuing year, the court did not act on its Rule 907 notice. Williams filed a

---

[4] The record does not reveal why this Court's response was delayed by almost two years.

[5] The court also issued a corresponding, supplemental opinion on September 8, 2009.

*pro se* PCRA petition on August 27, 2012, and *pro se praecipe* for entry of judgment on November 29, 2013.

On February 4, 2014, the PCRA court entered two separate orders.[6] The first order stated:

> AND NOW, this 4th day of February, 2014, upon consideration of [Williams]'s *pro se* petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541 *et seq.*, on August 27, 2012,
>
> IT IS HEREBY ORDERED that the said petition is DISMISSED WITHOUT PREJUDICE as it was filed while petitioner's prior PCRA petition filed July 7, 2011 was pending. See Com v. Lark, 746 A.2d 585, 588 (Pa. 2000) (a subsequent PCRA petition may not be considered while a previous petition is still pending).
>
> IT IS FURTHER ORDERED that [Williams]'s *pro se* "Praecipe for Entry of Judgment" filed on November 29, 2013 is therefore moot.

Order, 2/4/2014.

The second order provided, in relevant part:

> AND NOW, this 4th day of February[,] 2014, upon consideration of [Williams]'s supplemental PCRA petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541 *et seq.* by court-appointed counsel on July 7, 2011, and the applicable statutory and caselaw,
>
> IT IS HEREBY ORDERED that the instant petition is DISMISSED. [Williams] is hereby advised of his right to appeal this Order to the Superior Court of Pennsylvania within thirty (30) from the date of this Order.

---

[6] The orders were docketed and time-stamped two days later.

Order, 2/4/2014. Williams filed a notice of appeal, which stated: "Notice is hereby given that Norman Williams, Jr., above named defendant, hereby appeals to the Superior Court of Pennsylvania from the order entered on 02/04/14 by the Honorable Judge Andrew H. Dowling dismissing petitioners [sic] amended PCRA petition." Notice of Appeal, 3/11/2014.[7]

Initially, we must determine whether the present appeal is timely. The order from which Williams appeals was dated February 4, 2014, and docketed two days later. Williams is incarcerated, and his notice of appeal was docketed on March 11, 2014, which was well past the 30-day appeal period. *See* Pa.R.A.P. 903(a) ("[T]he notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken."). Generally, "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3).

Under the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. *See generally, Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super 2006). However, to avail oneself of the mailbox rule, a prisoner must supply

---

[7] On March 12, 2014, the PCRA court ordered Williams to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Williams filed a concise statement on March 26, 2014. The court did not file an opinion pursuant to Pa.R.A.P. 1925(a).

sufficient proof of the date of the mailing. *See Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997); *Commonwealth v. Perez*, 799 A.2d 848 (Pa. Super. 2002) (documentation required to support when notice of appeal was placed in the hands of prison authorities for filing).

Here, Williams dated the notice of appeal on February 21, 2014, and on the document, there is a time-stamp from this Court stating that it was received on February 28, 2014, well within the 30-day appeal period. Based on the record, and applying the "prisoner mailbox rule," we conclude that Williams has provided sufficient proof that he filed a timely notice of appeal on February 21, 2014. Therefore, his application for relief, filed March 27, 2014, is hereby granted.

Nevertheless, we are unable to address the merits of Williams's appeal based on the following. While we find the PCRA court acted properly in dismissing without prejudice Williams's *pro se* PCRA petition, filed on August 27, 2012, in its February 4, 2014, order, we agree with the court on different grounds.[8] Our review of the record indicates that Williams was represented by counsel at that time.[9] Therefore, this document was a legal

---

[8] As stated above, the court found that Williams's prior, counseled PCRA petition was pending and therefore, dismissed his subsequent *pro se* petition pursuant to *Lark*, *supra*.

[9] Specifically, we note counsel filed the July 7, 2011, PCRA petition, and counsel was copied on the distribution list for the PCRA court's August 2, 2011, Rule 907 notice, and the two February 4, 2014, orders.

nullity, and the court did not err in dismissing the petition without prejudice. *See Commonwealth v. Leslie*, 757 A.2d 984 (Pa. Super. 2000) (indicating (1) PCRA court should have dismissed without prejudice defendant's PCRA petition because it was filed while her direct appeal was pending; and (2) PCRA court erred by proceeding on the merits of the petition during the pendency of the direct appeal); *see also Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (citations omitted) ("Appellant had no right to file a *pro se* motion because he was represented by counsel. This means that his *pro se* post-sentence motion was a nullity, having no legal effect."); *Commonwealth v. Hall*, 476 A.2d 7, 9-10 (Pa. Super. 1984) ("[a]n accused's *pro se* actions have no legal effect while defense counsel remains authorized to represent the accused in all aspects of the proceedings") (citation omitted).

However, since PCRA counsel's appointment, and with the exception of the July 7, 2011, petition, he appears to have done nothing to further his client's interests.[10] Moreover, the record indicates he is still counsel of

_____

[10] Additionally, our review of the record does not indicate whether the August 27, 2012, *pro se* PCRA petition was forwarded by the clerk of courts to Williams's counsel of record pursuant to Pennsylvania Rule of Criminal Procedure 576(a)(4) ("In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be
*(Footnote Continued Next Page)*

record, and has not filed a petition to withdraw or been granted leave to withdraw by another manner. It merits mention that this is still technically Williams's first attempt at post-conviction relief. As such, we are guided by the following:

> An indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. This right to representation exists throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief. Once counsel has entered an appearance on a defendant's behalf, counsel is obligated to continue representation until the case is concluded or counsel is granted leave by the court to withdraw his appearance.

*Commonwealth v. Brown*, 836 A.2d 997, 998-999 (Pa. Super. 2003) (citations, quotation, quotation marks omitted.

> In addressing the petitioner's right to counsel under the precursor to the PCRA, we admonished that when appointed counsel fails to amend an inarticulately drafted *pro se* [post-conviction] petition, or fails otherwise to participate meaningfully, this court will conclude that the proceedings were, for all practical purposes, uncounselled and in violation of the representation requirement[.]

*Commonwealth v. Hampton*, 718 A.2d 1250, 1253 (Pa. Super. 1998) (citations, quotation, quotation marks omitted). *See also Commonwealth v. Kutnyk*, 781 A.2d 1259, 1262 (Pa. Super. 2001) (the petitioner was "entitled to counsel to represent him despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented").

---
*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.").

It is evident that Williams would like to appeal the dismissal of his PCRA petition but we cannot discern from his *pro se* notice of appeal exactly which one of the February 4, 2014, orders he takes issue with as he merely states he is appealing the order dismissing his "amended" petition. **See** Notice of Appeal, 3/11/2014. The Commonwealth argues Williams is appealing from the order that dismissed his *pro se* PCRA petition, which would result in a quashal. **See** Commonwealth's Brief at 6-8. However, because that it is not clear from Williams's notice of appeal, we are not persuaded by that contention.

Accordingly, we are constrained to conclude Williams was not afforded the right to counsel with respect to his first PCRA petition as his counsel was neglectful in taking any further action before or after the February dismissal. **See Hampton**, 718 A.2d at 1253 ("counsel's inaction deprived the petitioner the opportunity of legally trained counsel to advance his position in acceptable legal terms").

Therefore, we direct the PCRA court to appoint new counsel[11] and within 60 days of the date of the filing of this memorandum, counsel is to: (1) review Williams's counseled, supplemental PCRA petition that was filed on July 7, 2011, and dismissed by the court on February 4, 2014; and (2) file either an advocate's brief or an application to withdraw and "no-merit"

_____

[11] **See Brown**, 836 A.2d at 999.

letter consistent with the dictates of **Turner**/**Finley**, including a letter, which notifies Williams of the petition to withdraw and advises him of his appeal rights.

Williams and the Commonwealth will then each have 30 days in which to file a response, if either so desires. We also direct the PCRA court to file a supplemental trial court opinion addressing these matters within 30 days thereafter.

The Prothonotary of this Court is directed to remand the certified record to the PCRA court.

Case remanded for proceedings consistent with this memorandum. Application for relief granted. Panel jurisdiction retained.