**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Herbert E. BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 30, 2003.

Filed Nov. 14, 2003.

Herbert E. Brown, appellant, pro se.

Diane E. Gibbons, Asst. Dist. Atty., Doylestown, for Com., appellee.

BEFORE: FORD ELLIOTT, GRACI and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 This is an appeal from the order entered on February 3, 2003, in the Court

---

of Common Pleas, Bucks County, which denied Appellant Herbert E. Brown's petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. Upon review, we remand for the provision of counsel and the filing of a counseled brief.

¶ 2 After investigations involving three minor children, the police arrested Appellant and charged him with numerous crimes relating to sexual contact with three minors less than fifteen years of age. On October 12, 2000, the court consolidated the charges, and Appellant's counsel withdrew his appearance. The court appointed Geoffrey Graham, Esquire, as counsel on October 23, 2000.

¶ 3 On February 12, 2001, pursuant to a plea agreement, Appellant pleaded *nolo contendere* to rape,[1] criminal solicitation,[2] several counts of corruption of minors,[3] criminal mischief,[4] several counts of aggravated indecent assault,[5] and six counts of indecent assault.[6] Under the terms of the agreement, the Commonwealth withdrew a second charge of rape of fourth minor and recommended an aggregate sentence of five to ten years incarceration. On February 12, 2001, the court sentenced Appellant as per the plea agreement. Appellant did not file a post-sentence motion or a direct appeal.

¶ 4 On September 20, 2001, Appellant filed a timely *pro se* PCRA petition and claimed that his counsel was ineffective and that his plea was unlawfully induced. Appellant petitioned for *in forma pauperis* status. The PCRA court granted *in forma pauperis* status to Appellant and appointed Brian Wiley, Esquire, as PCRA counsel. On December 18, 2002, and December 19, 2002, the court held an evidentiary hearing on Appellant's PCRA petition. On January 28, 2003, Attorney Wiley filed a counseled PCRA petition alleging the same claims as in Appellant's *pro se* PCRA petition. Attorney Wiley also filed a corresponding brief. On February 3, 2003, the court denied Appellant's PCRA petition and filed an opinion regarding the denial. On February 18, 2003, Appellant filed *pro se* a timely notice of appeal, and the PCRA court did not order him to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant submitted a brief to this Court. Attorney Wiley never filed an appearance on Appellant's behalf in this Court and apparently has had no involvement in this case since he filed the counseled PCRA petition on January 28, 2003.

¶ 5 As we stated, the present appeal from the denial of Appellant's PCRA petition was filed by Appellant *pro se*. Attorney Wiley represented Appellant during the PCRA proceedings below; however, for whatever reason, counsel did not file the present appeal. More importantly, after Appellant filed this appeal *pro se*, Attorney Wiley neither entered an appearance on Appellant's behalf in this Court nor was he granted leave to withdraw his representation.

¶ 6 An indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. *See Commonwealth v. Hampton*, 718 A.2d 1250 (Pa.Super.1998). This right to representation exists "throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-

1. 18 Pa.C.S.A. § 3121(a)(1) and (6).

2. 18 Pa.C.S.A. § 902.

3. 18 Pa.C.S.A. § 6301(a)(1).

4. 18 Pa.C.S.A. § 3304(a)(1).

5. 18 Pa.C.S.A. § 3125.

6. 18 Pa.C.S.A. § 3126.

conviction relief." Pa.R.Crim.P. 904(E). Once counsel has entered an appearance on a defendant's behalf, counsel is obligated to continue representation until the case is concluded or counsel is granted leave by the court to withdraw his appearance. *See Commonwealth v. Quail,* 729 A.2d 571 (Pa.Super.1999) (citation omitted).

¶ 7 Because Appellant has not been afforded counsel to whom he is entitled in the present appeal, we are obligated to remand the present case back to the PCRA court so that Appellant can have the benefit of a counseled appeal. Upon remand, the PCRA court either may direct Appellant's PCRA counsel, Attorney Wiley, to resume his stewardship of Appellant's appeal or may appoint new counsel.[7]

¶ 8 We remind the PCRA court:

In the future, when presented with a scenario where an indigent petitioner files a *pro se* appeal from a first PCRA petition, the PCRA court should take one of two actions: the PCRA court should either promptly notify counsel of record that his client has taken an appeal and that counsel remains obligated to represent him[2], or the PCRA court should appoint new counsel to represent the appellant on appeal. This action would alleviate the need of this court to remand cases back to the PCRA court and would further expedite the appeals process.

---

[2] Should the PCRA court choose this approach counsel of record would have essentially three options. Counsel could resume his representation and file an advocate's brief in appellant's behalf, counsel could resume his representation

and file a *Turner/Finley* brief in this court or counsel could petition the PCRA court for leave to withdraw prior to the filing of a brief with this court. *Quail,* 729 A.2d at 573.

¶ 9 Consistent with the above discussion, we remand to the PCRA court so that Appellant can be provided with counsel. Once counsel has been provided, either by appointment of new counsel or by the entrance of an appearance by prior counsel, counsel shall file a brief with this court within forty days. The Commonwealth will then be permitted thirty days to file a responsive brief. The case will then be ready for disposition by this Court and, we will proceed to address the merits of Appellant's appeal.

¶ 10 Case remanded for provision of counsel and the filing of an appellate brief. Panel jurisdiction retained.

---

**7.** Since the record before us does not indicate whether Attorney Wiley was notified of Appellant's appeal *pro se,* we are unable to determine whether Appellant is proceeding *pro se* on his own accord or because of counsel's

failure to file an appeal on Appellant's behalf. Consequently, it is unclear whether the appointment of new counsel is necessary or even advisable. The PCRA court shall make this determination.