J-S18044-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ADAM SPELL, | : | |
| | : | |
| Appellant | : | No. 1300 MDA 2015 |

Appeal from the PCRA Order June 24, 2015
in the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000170-2013

BEFORE:    BOWES, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 14, 2016**

William Adam Spell (Appellant) appeals from the June 24, 2015 order that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand for further proceedings consistent with this memorandum.

Appellant entered negotiated guilty pleas to several drug-related crimes on June 27, 2013, and was sentenced in accord with the agreement. He filed no direct appeal.

On May 5, 2014, Appellant *pro se* timely filed a PCRA petition in which he alleged that his plea counsel was ineffective, his plea was involuntary, and his sentence was illegal.  PCRA counsel was appointed by order of May 23, 2014.  On July 23, 2014, counsel filed a motion to withdraw.  Following a subsequent order of court, counsel filed a no-merit letter (dated July 20,

_____
*Retired Senior Judge assigned to the Superior Court.

2014 and addressed to Appellant) pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). By order of August 27, 2014, the PCRA court granted counsel's motion to withdraw.

On October 23, 2014, January 16, 2015, and March 9, 2015, the PCRA court entered orders scheduling or rescheduling a hearing on Appellant's petition. A hearing ultimately was held on May 21, 2015, at which Appellant appeared *pro se* via video conference, and Appellant's plea counsel was present but not questioned. N.T., 5/21/2015. The PCRA court dismissed Appellant's petition by order of June 24, 2015. In a separate order filed on the same day, the PCRA court explained as follows: "As noted in our August 27, 2014, order, we independently reviewed the record in this case and concluded that the motion to withdraw filed by court-appointed counsel was appropriate. Today after [the] hearing, we can find no cognizable basis to grant PCRA relief. Accordingly, the petition will be dismissed." Order, 6/24/2015, at 4.

Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied, listing 13 claims of error. The PCRA court thereafter filed a Rule 1925(a) opinion in which it stated that it:

dismissed the PCRA petition since clearly [Appellant] did not sustain his evidentiary burden on any issue. With the exception of his concern about waiving a presentence report, none of the errors set forth in the 1925 statement [was] addressed with evidence at [the] hearing. Therefore, the order dismissing this action should be affirmed.

PCRA Court Opinion, 9/3/2015, at 6.

On appeal,[1] Appellant claims, *inter alia*, that the PCRA court denied him of his right to counsel in allowing counsel to withdraw before Appellant's evidentiary hearing.[2] Appellant's Brief at 9. We agree.

Rule 904 of the Rules of Criminal Procedure requires the appointment of counsel for an indigent petitioner on his or her first PCRA petition. Pa.R.Crim.P. 904(C). "This right to representation exists throughout the post-conviction proceedings[.]" **Commonwealth v. Brown**, 836 A.2d 997, 998 (Pa. Super. 2003) (internal quotation marks and citations omitted). Further, Rule 908, which governs hearings, provides: "The judge shall permit the defendant to appear in person at the hearing and **shall provide**

---

[1] "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

[2] Although this issue was not stated precisely in the same fashion in his 1925(b) statement, Appellant did therein complain of PCRA counsel's withdrawal. Concise Statement, 8/4/2015, at ¶ 13. Moreover, even if Appellant had failed to raise the issue at all, "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

**the defendant an opportunity to have counsel**.” Pa.R.Crim.P. 908(C) (emphasis added). Indeed, if an evidentiary hearing is required, the Rules mandate the appointment of counsel to represent a criminal defendant even on a second or subsequent PCRA petition, where the defendant otherwise has no entitlement to counsel. Pa.R.Crim.P. 904(D).

Here, the PCRA court appears to have taken the mutually exclusive positions that (1) the PCRA claims Appellant wished to make were devoid of merit,[3] but (2) there were material issues of fact raised in Appellant's petition which had to be resolved before ruling upon the merits of his claims.[4] In its opinion to this Court, the PCRA court quotes extensively from the transcript of the hearing and explains that dismissal of Appellant's petition was warranted because he, involuntarily acting *pro se*, failed to satisfy the evidentiary requirements necessary to support his legal arguments. PCRA Court Opinion, 9/3/2015, at 6. This suggests that the PCRA court was of the opinion that there may have been an evidentiary showing which, if made, could have entitled Appellant to PCRA relief. Under such circumstances, Rule 908(C) required that Appellant have the

---

[3] Before granting PCRA counsel's motion to withdraw, “[t]he PCRA court… must conduct its own independent evaluation of the record and agree with counsel” that the issues which the petitioner wishes to raise lack merit. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012).

[4] ***Compare*** Pa.R.Crim.P. 907 (providing that the PCRA court shall give notice of its intent to dismiss the PCRA petition without a hearing if it determines that there are no issues of material fact and the defendant is not entitled to relief) **with** Pa.R.Crim.P. 908(A) (providing that the judge shall order a hearing when the petition raises material issues of fact).

opportunity to have counsel. Because Appellant had established his indigency, he was entitled to appointed counsel under Rule 904(C).

Therefore, we hold that the PCRA court erred in holding a hearing on Appellant's first PCRA petition after allowing counsel to withdraw. At the May 21, 2015 hearing, Appellant had a rule-based right to the assistance of counsel in attempting to "sustain his evidentiary burden on any issue"[5] raised in his petition.

Accordingly, we remand this case to the PCRA court to correct its error by appointing counsel prior to holding a new hearing on Appellant's petition.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2016

---

[5] PCRA Court Opinion, 9/3/2015, at 6.