J-S12005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD WILLIAM PETTERSEN, JR. | : | |
| | : | |
| Appellee | : | No. 526 EDA 2014 |

Appeal from the PCRA Order January 28, 2014,
in the Court of Common Pleas of Pike County,
Criminal Division, at No(s): CP-52-CR-0000425-2009

BEFORE:  MUNDY, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 27, 2016**

Edward William Pettersen (Appellant) appeals *pro se* from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand for further proceedings consistent with this memorandum.

Appellant was arrested and charged with three counts of aggravated assault, three counts of simple assault, and one count each of burglary, criminal trespass, and recklessly endangering another person (REAP) stemming from an October 14, 2009 attack on his estranged wife.  The matter proceeded to a jury trial, after which Appellant was convicted of all counts.  On July 7, 2011, Appellant was sentenced to an aggregate term of 21½ to 70 years' incarceration.  Appellant timely filed post-sentence motions

_____

* Senior Judge assigned to the Superior Court.

and a notice of appeal. A panel of this Court affirmed Appellant's judgment of sentence on July 16, 2012, and on March 13, 2013, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Pettersen*, 49 A.3d 903, 906-907 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013).

On April 19, 2013, Appellant timely filed a *pro se* PCRA petition. Counsel was appointed and, on September 17, 2013, counsel filed with the PCRA court a *Turner*/*Finley*[1] letter and petition to withdraw as counsel. On September 18, 2013, the PCRA court issued an order granting counsel's request to withdraw and notifying Appellant that he had 20 days in which to file a response. Order, 9/18/2013. The court noted that it had "thoroughly reviewed [counsel's] motion and the record in its entirety and is satisfied from this review that there are not genuine issues concerning any material fact and that [Appellant] is not entitled to post-conviction collateral relief and no purpose would be served by any further proceedings." *Id.*

On November 4, 2014, Appellant filed a response to counsel's *Turner*/*Finley* letter. In his response, Appellant did not raise any new claims, but reargued issues addressed in his *pro se* PCRA petition. On November 6, 2013, upon receipt of Appellant's response, the PCRA court entered an order scheduling an evidentiary hearing on December 16, 2013. Thereafter, Appellant petitioned the court to appoint counsel and grant him

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)

- 2 -

an extension of time to prepare, averring that he was indigent and incarcerated and therefore unable to hire private counsel or access the law library for the time necessary to perform legal research in advance of the hearing. Both motions were denied by order dated November 18, 2013. As a result, Appellant proceeded at the PCRA hearing *pro se*. The PCRA court ultimately dismissed Appellant's petition. The court explained as follows.

> While [Appellant] has presented many pages of complaints regarding his defense counsel and has legal arguments included therein and while [Appellant] testified to most of that information at the PCRA hearing, certain facts remain uncontroverted: (1) [Appellant] presented no real evidence at the PCRA hearing; (2) [Appellant] presented no witnesses at the PCRA hearing; (3) despite his complaints regarding the ineffective assistance of counsel argument, [Appellant] presented no factual basis to support those complaints; and (4) a thorough review of the case by appointed PCRA counsel indicated that there was no merit to the many complaints of [Appellant].

PCRA Court Opinion, 1/28/2014, at 14.

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

On appeal,[2] Appellant claims, *inter alia*, that the PCRA court violated his right to counsel in allowing counsel to withdraw before Appellant's evidentiary hearing.[3] Appellant's Brief at 46-47. We agree.

---

[2] "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Rule 904 of the Rules of Criminal Procedure requires the appointment of counsel for an indigent petitioner on his or her first PCRA petition. Pa.R.Crim.P. 904(C). "This right to representation exists throughout the post-conviction proceedings[.]" **Commonwealth v. Brown**, 836 A.2d 997, 998 (Pa. Super. 2003) (internal quotation marks and citations omitted). Further, Rule 908, which governs hearings, provides: "The judge shall permit the defendant to appear in person at the hearing and **shall provide the defendant an opportunity to have counsel**." Pa.R.Crim.P. 908(C) (emphasis added). Indeed, if an evidentiary hearing is required, the Rules mandate the appointment of counsel to represent a criminal defendant even on a second or subsequent PCRA petition, where the defendant otherwise has no entitlement to counsel. Pa.R.Crim.P. 904(D).

Here, the PCRA court appears to have taken the mutually exclusive positions that (1) the PCRA claims Appellant wished to make were devoid of merit,[4] but (2) there were material issues of fact raised in Appellant's

---

[3] Although this issue was not stated precisely in the same fashion in his 1925(b) statement, Appellant did therein complain of PCRA counsel's withdrawal and the PCRA court's failure to appoint new representation prior to his evidentiary hearing. Appellant's Concise Statement, 2/24/2014, at 2. Moreover, even if Appellant had failed to raise the issue at all, "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

[4] Before granting PCRA counsel's motion to withdraw, "[t]he PCRA court… must conduct its own independent evaluation of the record and agree with

- 4 -

petition which had to be resolved at a hearing before ruling upon the merits of his claims.[5]  In its opinion to this Court, the PCRA court explains that dismissal of Appellant's petition was warranted because he, involuntarily acting *pro se*, failed to satisfy the evidentiary requirements necessary to support his legal arguments.  PCRA Court Opinion, 1/28/2014, at 7-14.  This suggests that the PCRA court was of the opinion that there may have been an evidentiary showing which, if made, could have entitled Appellant to PCRA relief.  Under such circumstances, Rule 908(C) required that Appellant have the opportunity to have counsel.  Because Appellant had established his indigency, he was entitled to appointed counsel under Rule 904(C).

Therefore, we hold that the PCRA court erred in holding a hearing on Appellant's first PCRA petition after allowing counsel to withdraw.  At the December 16, 2013 hearing, Appellant had a rule-based right to the assistance of counsel in attempting to sustain his evidentiary burden on any issue raised in his PCRA petition.

Accordingly, we vacate the order denying Appellant relief and remand this case to the PCRA court to correct its error by appointing counsel prior to holding a new hearing on Appellant's petition.

---

counsel" that the issues which the petitioner wishes to raise lack merit. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012).

[5] ***Compare*** Pa.R.Crim.P. 907 (providing that the PCRA court shall give notice of its intent to dismiss the PCRA petition without a hearing if it determines that there are no issues of material fact and the defendant is not entitled to relief) ***with*** Pa.R.Crim.P. 908(A) (providing that the judge shall order a hearing when the petition raises material issues of fact).

- 5 -

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Olson joins.

Judge Mundy files a Dissenting Statement.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2016