J-S60039-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN ESTREMERA, | : | |
| | : | |
| Appellant | : | No. 3040 EDA 2015 |

Appeal from the PCRA Order August 26, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0012681-2010

BEFORE:    SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED OCTOBER 20, 2016**

Steven Estremera (Appellant) appeals from the August 26, 2015 order that dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand for further proceedings consistent with this memorandum.

Appellant entered negotiated guilty pleas to third-degree murder and other crimes related to the stabbing death of his mother-in-law.  Appellant was sentenced, in accordance with the terms of the plea agreement, to an aggregate term of 25 to 50 years of imprisonment.  He filed no post-sentence motion or direct appeal.

Appellant timely filed a PCRA petition on May 30, 2012.  On December 16, 2013, appointed counsel filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en*

_____
*Retired Senior Judge assigned to the Superior Court.

*banc*). The PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, then dismissed Appellant's petition by order of March 28, 2014. Appellant appealed, raising claims of ineffective assistance of counsel. This Court determined that most of his claims lacked merit; however, we remanded for the appointment of new PCRA counsel to consider the claim that Appellant's plea counsel was ineffective in failing to move to suppress his confession, rendering his guilty plea involuntary.

The PCRA court appointed new counsel who ultimately filed a no-merit brief pursuant to **Finley**. The PCRA court again issued notice of intent to dismiss the PCRA petition without a hearing. On August 26, 2015, the PCRA court filed orders allowing counsel to withdraw and dismissing Appellant's petition. Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, and none was filed. The PCRA court did file an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant contends that the PCRA court erred in allowing counsel to withdraw and dismissing his petition without a hearing. Appellant's Brief at 4. The PCRA court agrees with Appellant and asks this Court to remand the case "for evidentiary proceedings to determine the legality of [Appellant's] detention and confession as well as trial counsel's alleged [in]effectiveness."

- 2 -

PCRA Court Opinion, 11/16/2015, at 4-5. The Commonwealth, however, argues that the PCRA court's initial determination that the claim lacked merit was correct and asks this Court to affirm the order dismissing Appellant's petition. Commonwealth's Brief at 10-11.

"The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (quoting **Commonwealth v. Allen**, 48 A.3d 1283, 1285 (Pa. Super. 2012)).

To succeed on a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove: "(1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error." **Commonwealth v. Johnson**, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted). "Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption." **Id.** (citation omitted).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting

***Commonwealth v. Wah***, 42 A.3d 335, 338-39 (Pa. Super. 2012)).

Here, Appellant claims that

> both prior to his October 12, 2010 preliminary hearing and May 26, 2011 guilty plea, Appellant informed his trial counsel that at the time it was alleged he provided a 'confession' to police, he had been held in custody for a period of roughly 29 hours, was not advised of his rights as required by ***Miranda v. Arizona***, 384 U.S. 436 (1966), and was under the influence of drugs.
>
> Despite having been made aware of these facts, trial counsel never advised Appellant of the option of filing and/or otherwise litigating a motion to suppress. Instead, trial counsel advised Appellant to plead guilty. For purpose of clarity, Appellant's basic contention … is that his guilty plea should be invalidated because it was primarily induced or motivated by the existence of incriminating evidence obtained by police through means which violated Appellant's constitution[al] rights.

Appellant's Brief at 16.

Although the PCRA court initially held that Appellant's claim lacked merit, and thus allowed his counsel to withdraw and dismissed the PCRA petition without a hearing, it now opines that a hearing is warranted:

> In the instant case, [Appellant] was taken to police headquarters and questioned. Initially, he was not under arrest. He was considered a witness to events that led up to his mother-in-law's murder. [Appellant] told the police that someone named Macho had killed the victim. Over the course of the next twenty-nine (29) hours, police attempted to verify [Appellant's] version of events. They located and spoke with Macho as well as Macho's wife and mother. All the while, [Appellant] remained at police headquarters.
>
> Notwithstanding Detective Scally's claim that [Appellant] was not under arrest because he hadn't been handcuffed or

confined to an interview room, it is apparent that [Appellant's] "visit" to police headquarters ultimately ripened into a custodial detention during this time. It is equally clear that [Appellant] was initially interviewed as a material witness to a crime. Only after the police were able to disprove [Appellant's] initial version of events did he become a prime suspect. At that point, the police gave petitioner his ***Miranda*** warnings, and petitioner gave a full confession. Although the Commonwealth asserts that [Appellant] "voluntarily" confessed, the fact remains that he was detained for a significant period of time absent probable cause prior to confessing.

\* \* \*

Although Detective Scally briefly testified at [Appellant's] preliminary hearing that [Appellant] was not handcuffed during his detention and that [Appellant] was Mirandized before giving his statement, there is scant information regarding intervening circumstances, the conditions of [Appellant's] detention and whether the police engaged in misconduct or coercive tactics to secure a confession. Based upon the record before it, this court simply cannot determine whether a suppression motion would have been meritorious had [Appellant] or trial counsel raised it. Moreover, this court does not know whether trial counsel discussed the suppression issue with [Appellant]. Nor can it determine whether the waiver of this issue played a role in the Commonwealth's decision to *nolle prosse* the first degree murder bill and, instead, offer [Appellant] a plea to third degree murder.

Ultimately, therefore, the state of the existing record does not enable this court to determine whether [Appellant's] decision to forego a suppression hearing and a trial was knowingly made.

PCRA Court Opinion, 11/16/2015, at 7-9 (citations omitted).

The Commonwealth disagrees with Appellant and the PCRA court, maintaining that Appellant's petition properly was dismissed without a hearing. It contends that Appellant's claim must fail because (1) Appellant indicated in his written plea colloquy that he understood that, by pleading

guilty, he was giving up the right to file pre-trial motions, Commonwealth's Brief at 16; and (2) that there is no merit to the underlying suppression claim because, *inter alia*, Appellant's signed statement indicates that he was not under the influence of drugs and the length of his detention "was a direct result of his untruthfulness and so is not a ground for suppression." ***Id.*** at 19.

We are not persuaded that the Commonwealth's arguments necessarily prevail at this juncture. The fact that Appellant acknowledged that he was waiving his right to file a suppression motion by pleading guilty does not imply that trial counsel discussed with Appellant the merits of a motion to suppress his statements under the circumstances of Appellant's detention. The issue cannot be resolved until the PCRA court makes factual findings, following an evidentiary hearing, about what advice counsel did or did not give to Appellant. Similarly, whether the underlying suppression issue has merit depends on the PCRA factual determinations about the circumstances of Appellant's detention.

Accordingly, we agree with the PCRA court's conclusion that there are unresolved issues of material fact requiring an evidentiary hearing. ***See*** Pa.R.Crim.P. 908 (providing that the judge shall order a hearing when material issues of fact are raised). Further, Appellant is entitled to be represented by counsel at the hearing. ***See*** Pa.R.Crim.P. 904(C) (requiring

the appointment of counsel for an indigent petitioner on his or her first PCRA petition); ***Commonwealth v. Brown***, 836 A.2d 997, 998 (Pa. Super. 2003) (noting that the right to representation "exists throughout the post-conviction proceedings"); Pa.R.Crim.P. 904(D) (mandating appointment of counsel to represent a criminal defendant when an evidentiary hearing is required).

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/20/2016