J-S33034-17

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARMONI M. JOHNSON, | : | |
| | : | |
| Appellant | : | No. 2092 MDA 2016 |

Appeal from the PCRA Order November 9, 2016
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002713-2011

BEFORE:    BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:              **FILED AUGUST 01, 2017**

Armoni M. Johnson (Appellant) appeals from the November 9, 2016 order that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand for proceedings consistent with this memorandum.

In 2013, Appellant was convicted of two counts of aggravated assault and sentenced to an aggregate term of 66 to 156 months of imprisonment. This Court affirmed Appellant's judgment of sentence and our Supreme Court denied his petition for allowance of appeal.  *Commonwealth v. Johnson*, 125 A.3d 465 (Pa. Super. 2015), *appeal denied*, 131 A.3d 490 (Pa. 2016).

On April 12, 2016, Appellant timely filed a PCRA petition.  By order of May 26, 2016, the PCRA court appointed Attorney Jeffrey A. Yelen as

_____
*Retired Senior Judge assigned to the Superior Court.

counsel and scheduled a hearing to take place on October 31, 2016. On July 21, 2016, Attorney Yelen filed a motion to withdraw indicating that Appellant "has no claim under the PCRA and therefore, this case has no merit."[1] Motion to Withdraw as Counsel, 7/21/2016, at ¶ 2. By order of August 5, 2016, the PCRA court scheduled a hearing on counsel's motion also to take place on October 31, 2016.

The docket reflects that a PCRA hearing was held on October 31, 2016. Although the PCRA court cites to the notes of testimony from that hearing, no transcript is included in the certified record. In its opinion, the PCRA court offered the following summary of the hearing:

> At the PCRA hearing held on October 31, 2016[,] the [PCRA c]ourt first required Attorney Yelen to state of record his review, findings and reason for seeking withdrawal of representation.
>
> Thereafter, the court having independently reviewed [Appellant's] allegations and the contents of Attorney Yelen's letter along with Attorney Yelen's reasons, granted Attorney Yelen's motion to withdraw as counsel.
>
> The court indicated to [Appellant] that he could represent himself or hire independent counsel. [Appellant] indicated that he chose to represent himself and was ready to proceed to hearing.
>
> The court inquired as to whether [Appellant] needed more time to proceed and [Appellant] indicated he stood on the

---

[1] In the motion, counsel indicated that he attached a no-merit letter as required by **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Motion to Withdraw as Counsel, 7/21/2016, at ¶ 3. However, no letter is attached to the copy of the motion included in the certified record.

submissions which he had previously filed and forwarded to the court in support of his PCRA motion.

PCRA Court Opinion, 2/8/2017, at 4 (citations and unnecessary capitalization as omitted). By order docketed on November 9, 2016, the PCRA court denied Appellant's petition. Appellant timely filed a notice of appeal. The PCRA court filed its opinion on February 8, 2017.

It is not clear to us from Appellant's *pro se* brief what issues he wishes this Court to review. As the Commonwealth aptly notes, Appellant's "appellate issues are raised in such a confusing, rambling, incoherent fashion as to be devoid of the slightest discernibility." Commonwealth's Brief at 4. However, we need not undergo the laborious task of attempting to construe Appellant's claims, as it appears that he has been denied his right to counsel.[2]

Rule 904 of the Rules of Criminal Procedure requires the appointment of counsel for an indigent petitioner[3] on his or her first PCRA petition.

---

[2] "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

[3] Appellant, who had appointed counsel at trial and has been incarcerated for years, alleged indigency in his PCRA petition. PCRA Petition, 4/12/2016, at 7. The PCRA court apparently determined that Appellant indeed remained indigent, as it appointed Attorney Yelen to represent him in litigating his petition. Thus, although Appellant failed to allege indigency to proceed *in forma pauperis* in this appeal, and this Court denied a belated motion to

Pa.R.Crim.P. 904(C). "This right to representation exists throughout the post-conviction proceedings[.]" **Commonwealth v. Brown**, 836 A.2d 997, 998 (Pa. Super. 2003) (internal quotation marks and citations omitted). Further, Rule 908, which governs hearings, provides: "The judge shall permit the defendant to appear in person at the hearing and **shall provide the defendant an opportunity to have counsel**." Pa.R.Crim.P. 908(C) (emphasis added). Indeed, if an evidentiary hearing is required, the Rules mandate the appointment of counsel to represent a criminal defendant even on a second or subsequent PCRA petition, where the defendant otherwise has no entitlement to counsel. Pa.R.Crim.P. 904(D).

Here, the PCRA court appears to have taken the mutually exclusive positions that (1) the PCRA claims Appellant wished to make were devoid of merit,[4] but (2) there were material issues of fact which had to be resolved before ruling upon the merits of Appellant's claims.[5] In its opinion to this Court, the PCRA court explains that dismissal of Appellant's petition was

---

proceed IFP without prejudice for Appellant to seek relief in the PCRA court, we presume for the purposes of this discussion that Appellant is indigent.

[4] Before granting PCRA counsel's motion to withdraw, "[t]he PCRA court… must conduct its own independent evaluation of the record and agree with counsel" that the issues which the petitioner wishes to raise lack merit. **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa. Super. 2012).

[5] **Compare** Pa.R.Crim.P. 907 (providing that the PCRA court shall give notice of its intent to dismiss the PCRA petition without a hearing if it determines that there are no issues of material fact and the defendant is not entitled to relief) **with** Pa.R.Crim.P. 908(A) (providing that the judge shall order a hearing when the petition raises material issues of fact).

- 4 -

warranted because he, acting *pro se*, failed to satisfy the evidentiary requirements necessary to support his claims of, *inter alia*, ineffective assistance of counsel and violation of **Brady v. Maryland**, 373 U.S. 83 (1963). PCRA Court Opinion, 9/3/2015, at 12. This suggests that the PCRA court was of the opinion that there may have been an evidentiary showing which, if made, could have entitled Appellant to PCRA relief. Under such circumstances, Rule 908(C) required that Appellant have the opportunity to have counsel.

Therefore, we hold that the PCRA court erred in holding a hearing on Appellant's first PCRA petition after allowing counsel to withdraw. At the October 31, 2016 hearing, Appellant had a rule-based right to the assistance of counsel in attempting to prove his PCRA claims. Accordingly, we remand this case to the PCRA court to correct its error by appointing counsel prior to holding a new hearing on Appellant's petition.[6]

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[6] If Appellant wishes to waive his right to counsel and proceed *pro se*, the PCRA court must conduct an on-the-record colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to ensure that the waiver is knowing and voluntary.

J-S33034-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2017