J-S43012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK COLLINS | : | |
| | : | |
| Appellant | : | No. 2258 EDA 2021 |

Appeal from the PCRA Order Entered August 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005027-2007

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                          **FILED MARCH 13, 2023**

Appellant, Malik Collins, appeals from the Post-Conviction Relief Act ("PCRA")[1] Order entered by the Philadelphia County Court of Common Pleas on August 19, 2021.  For the following reasons, we remand with instructions for the appointment of PCRA appellate counsel.

This case comes before this Court with a deficient, confusing, and contradictory docket and record.  We have gleaned the following procedural history from a review of the docket and record provided by the Court of Common Pleas.  In essence, Appellant is currently serving a sentence of life without parole, and related concurrent sentences, for a 2006 shooting that

_____

[1] 42 Pa.C.S. §§ 9541-46.

resulted in one fatality and at least two additional victims, including Yusef Proctor.[2]

The docket transmitted to this Court does not contain an entry reflecting that Appellant filed a direct appeal from his judgment of sentence for the Attempted Murder of Proctor. Appellant, however, filed a timely direct appeal at the docket number related to the 2006 Murder charge, which this Court affirmed on September 10, 2010. *See Commonwealth v. Collins*, 13 A.3d 988 (Pa. Super. 2010) (unpublished memorandum); *allocatur denied*, 19 A.3d 1049 (Pa. 2011).

Petitioner filed *pro se* a PCRA Petition on March 31, 2011. The trial court appointed PCRA counsel, who filed an Amended PCRA Petition on May 16, 2012, listing all three dockets related to the 2006 shooting. On January 16, 2015, the PCRA court dismissed Appellant's PCRA Petition indicating only that the issues raised "are without merit[.]"[3]

On September 10, 2015, Appellant filed *pro se* a "*Nunc Pro Tunc* Post-Conviction Relief Petition and Memorandum of Law in Support for Reinstatement of Appeal Rights Restored of the PCRA(s) Dismissal []" ("*NPT* Petition for Reinstatement of Appeal Rights"), which is entered on the docket

---

[2] The trial court sentenced Appellant for the 2006 Murder and Attempted Murders under three different docket numbers corresponding to each of three victims. Appellant filed *pro se* the instant appeal under only one of those dockets, the docket pertaining to the Attempted Murder of Proctor.

[3] While the docket indicates that "[Pa.R.Crim.P.] 907 to be sent," neither the docket nor the record clarifies if the court actually sent the Notice of Intent to Dismiss to Appellant or his counsel. *See*, *e.g.*, Docket Entry, 8/22/14.

as a PCRA petition.[4] He claimed that his PCRA counsel was ineffective in that he abandoned Appellant by failing to provide Appellant with notice of the court's denial of his PCRA petition and also by not appealing the denial. *NPT Petition for Reinstatement of Appeal Rights*, 9/10/15, at 2-3. Consequently, Appellant sought the reinstatement of his appellate rights, as well as the appointment of new appellate counsel or the re-appointment of PCRA counsel. *Id.* at 14.

While the docket indicates that the court continued the PCRA proceedings on several dates, the record does not indicate why this matter lingered in the court for nearly six years. On April 9, 2021, the court entered an order "formally reliev[ing]" initial PCRA counsel "pursuant to 42 Pa.C.S. § 9545(b)."[5,]

On April 14, 2021, the PCRA court entered a form Pa.R.Crim.P. 907 Notice of Intent to Dismiss, on which the court checked the following reason for dismissal: "The issues raised in the [PCRA] petition are without merit." Rule 907 Notice, 4/14/21.

On August 19, 2021, the PCRA court entered an order stating: "[T]his Court having determined that the issues raised by Petitioner in his Post

---

[4] As with his first PCRA, Appellant's *NPT* Petition for Reinstatement of Appeal Rights listed all three dockets related to the 2006 shooting.

[5] Section 9545(b) pertains to the time for filing PCRA petitions. This order dismissed counsel who had been appointed in 2015 to represent Appellant in his first PCRA Petition. On April 23, 2021, Appellant file*d pro se* a motion seeking to vacate the court's order dismissing counsel. The record does not include an order addressing Appellant's Motion to Vacate Dismissal Order.

Conviction Relief Act Petition are without merit, this matter is dismissed." PCRA Ct. Order, 8/19/21.

Curiously, five days later, on August 24, 2021, the PCRA court issued an order granting Appellant's "request for reinstatement of his right to appeal the dismissal of his PCRA *Nunc Pro Tunc*, filed September 10, 2015." The court did not explain the delay, the reason for granting the request, or the relation of this order to the August 19, 2021 Order dismissing his PCRA, which both appear to relate to Appellant's petition filed nearly six years earlier on September 10, 2015. It also did not address Appellant's request for the appointment of appellate counsel.

Appellant filed *pro se* a Notice of Appeal from the August 19, 2021 Order on September 13, 2021.[6]

Significantly, we find no indication in the docket or the record that the court appointed appellate counsel for Appellant after granting *nunc pro tunc* appellate relief. As explained by this Court, "[a]n indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. This right to representation exists 'throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief.'" **Commonwealth v. Brown**, 836 A.2d 997, 998–99 (Pa. Super. 2003) (quoting Pa.R.Crim.P. 904(E) (currently set forth in Rule 904(F)(2));

---

[6] The record does not include a Pa.R.A.P. 1925(a) opinion from the PCRA judge, who also sat as trial judge, given that she retired in January 2022. The docket entries additionally do not include an order requesting Appellant to file a Pa.R.A.P. 1925(b) Statement.

additional citations omitted).  As in **Brown**, because Appellant did not have PCRA appellate counsel for the instant appeal, which pertains to the January 2015 dismissal of his first PCRA petition, "we are obligated to remand the present case back to the PCRA court so that Appellant can have the benefit of a counseled appeal."  **Id.** at 999.

Accordingly, we remand for appointment of appellate counsel within fourteen days of the filing of this Memorandum.  Counsel is directed to file a Pa.R.A.P. 1925(b) statement within thirty days of appointment.  The PCRA court shall then file a Pa.R.A.P. 1925(a) opinion within sixty days of the filing of the Pa.R.A.P. 1925(b) statement.  Thereafter, the record shall be returned to this Court.  Appellant shall file a brief within thirty days of the filing of the Pa.R.A.P. 1925(a) opinion.  The Commonwealth shall have thirty days to respond.[7]

_____

[7] As noted above, we observe inconsistencies in the use of the instant docket number and the three docket numbers related to the June 2006 shooting. Appellant's current *pro se* appeal of the August 19, 2021 Order references only the instant docket, and it does not appear that he has appealed the dismissal of his 2015 PCRA petition at the other docket numbers.

On remand, if requested by newly-appointed PCRA appellate counsel, our prothonotary shall provide counsel with the opportunity to remedy this issue in compliance with Pa.R.A.P. 341(a) and the Supreme Court's decisions in **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (explaining that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket[,]"), and **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (modifying **Walker** and concluding that "where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate").
*(Footnote Continued Next Page)*

In light of the fact that the PCRA judge has retired, the Prothonotary is directed to serve a copy of this Memorandum on the Honorable Lucretia Clemons, the Supervising Judge of the Criminal Division, and she is directed to immediately assign this case to a judge sitting in the Criminal Division.

Case remanded with instructions. Panel jurisdiction retained.

_____

Appellate counsel should also address deficiencies in the certified record provided to this Court and ensure that the lower court transmits a complete record to this Court. **See Commonwealth v. Lesko**, 15 A.3d 345, 410 (Pa. 2011) (reiterating that the appellant bears the burden of ensuring that this Court has a complete record for review, even if he is indigent); Pa.R.A.P. 1921, Note ("Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials.") (citation omitted).