J-S18013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LONICA DEWAYNE HAYES, JR. | : | |
| | : | |
| | : | No. 771 WDA 2023 |

Appeal from the PCRA Order Entered August 17, 2022
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001706-2020

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:        **FILED: AUGUST 5, 2024**

Lonica Dewayne Hayes, Jr. appeals from the order entered August 17, 2022, dismissing his first, timely petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

While on parole for a prior criminal offense, Hayes was charged by criminal information with two counts of unlawful delivery of a controlled substance, criminal use of communication facility, possession of a controlled substance, possession of drug paraphernalia, and one count of drug delivery resulting in death relating to his possession and sale of fentanyl.[1] On October 11, 2021, Hayes entered a negotiated guilty plea to drug delivery resulting in

---

[1] 35 Pa.C.S.A. § 780-113(a)(3), 18 Pa.C.S.A. § 7512(a), 35 Pa.C.S.A. §§ 780-113(a)(16), 780-113(a)(32), and 18 Pa.C.S.A § 2506(a), respectively.

death in exchange for the Commonwealth *nolle prossing* the remaining charges and recommending a sentence of 6 years, 9 months to 13 years, 6 months. That same day, the trial court imposed the recommended sentence.

No post-sentence motion nor direct appeal was filed. From this point, the file requires close review because the filings by Hayes have created a somewhat complicated and confusing procedural record. On February 28, 2022, Hayes filed a timely *pro se* PCRA petition alleging the ineffectiveness of trial counsel for failing to file motions and conduct an investigation. The PCRA court appointed the Erie County Public Defender's Office to represent Hayes as PCRA counsel. On June 7, 2022, PCRA counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) ("Turner/Finley"), and a petition to withdraw as counsel. The PCRA court denied the petition to withdraw as counsel on the basis that a first-time PCRA petitioner is entitled to appointed counsel throughout the PCRA process. **See** Order, 6/15/22 (citing **Commonwealth v. Brown**, 836 A.2d 997, 998-99 (Pa. Super. 2003); Pa.R.Crim.P. 904(C), (F)(2)).

On June 29, 2022, the PCRA court issued a Rule 907 notice of intent to dismiss the PCRA petition because "upon the totality of the circumstances, Petitioner's claim he entered into a defective plea due to ineffectiveness of counsel, is wholly without merit. Any additional *pro se* claims are meritless and/or not cognizable under the PCRA." Notice of Intent to Dismiss, 6/29/22,

at 7; *see* Pa.R.Crim.P. 907. On July 7, 2022, Hayes filed a *pro se* response to the notice arguing for the first time that trial counsel was ineffective for forcing him to take the plea; he also asserted that his claims have merit. On August 17, 2022, the PCRA court dismissed Hayes' PCRA petition.

On September 6, 2022, Hayes filed a *pro se* "Motion to Appoint Appeal Counsel" and a "Motion for **Grazier** Hearing Pursuant to [**Commonwealth**] *v. Grazier*, 713 A.2d 81 (Pa. 1998)." The PCRA court forwarded this document to PCRA counsel pursuant to Pa.R.Crim.P. 576(a)(4). On September 19, 2022, the clerk of courts received a letter from Hayes requesting a copy of his docket sheet indicating that he will be filing an appeal. On that same date, Hayes filed a *pro se* notice of appeal.

On September 21, 2022, PCRA counsel filed a motion to withdraw as counsel and a request for new counsel to be appointed based upon Hayes' September 6, 2022, motion that alleged she was ineffective. On September 28, 2022, the PCRA court granted PCRA counsel's request to withdraw and appointed appellate counsel.

On June 9, 2023, Hayes filed a *pro se* PCRA petition alleging trial counsel was ineffective for failing to advise him that his parole revocation sentence would be imposed consecutively to his sentence in this case. Hayes further alleged that PCRA counsel was ineffective for filing a **Turner**/**Finley** no merit letter instead of a PCRA petition asserting trial counsel was ineffective for failing to advise him that the revocation sentence would be consecutive. Hayes

did not request to withdraw his plea. Therein, Hayes stated, "that he is not requesting to withdraw the plea but simply asking for a modification of sentence to reflect the 6 year minimum, which has now turned into a 9 year minimum[.]" PCRA Petition, 6/9/23, at 3 (pagination added for ease of reference).

On June 27, 2023, appellate counsel requested to appeal *nunc pro tunc* from the August 17, 2022, dismissal of Hayes' first PCRA petition because he did not receive the PCRA court's order appointing him. That same day, the PCRA court granted *nunc pro tunc* relief and ordered a notice of appeal to be filed within 30 days. On July 5, 2023, Hayes filed a notice of appeal.

On July 7, 2023, the PCRA court dismissed Hayes' second PCRA petition filed on June 9, 2023.

Appellate counsel complied with the PCRA court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Now that we have summarized the post-conviction filings and orders from the lower court, we review Hayes' one claim:

> Whether former PCRA counsel was ineffective and the [PCRA c]ourt erred in failing to discern that [Hayes] was afforded a plea-bargained for sentence of 81 months to 162 months, which was then amplified by three years given the parole revocation sentence, which the [p]arole [b]oard was statutorily mandated to impose consecutively to the sentence on the new criminal conviction causing the plea-bargained for sentence to be frustrated and directly offset by the parole revocation sentencing exposure to which [Hayes] was never apprised of thereby altering his expectation of sentencing exposure as per the entry of the guilty pleas rendering said entry of pleas as invalid?

Appellant's Brief, at 2.

Before we address the merits of Hayes' issue, we must first address the Commonwealth's contention that this Court does not have jurisdiction because "[t]he instant petition, [Hayes'] second, was filed on June 9, 2023, and is therefore untimely." Appellee's Brief, at 5. The Commonwealth's contention is incorrect, as this is an appeal *nunc pro tunc* from Hayes' first, timely filed, PCRA petition that was denied on August 17, 2022. **See** Order, 6/27/23 (granting Hayes's request to appeal *nunc pro tunc*). The Commonwealth does not argue that the PCRA court erred in granting *nunc pro tunc* relief. Therefore, this Court has jurisdiction to hear the appeal.

We review an order denying PCRA relief to examine "whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citations omitted).

Hayes asserts PCRA counsel was ineffective because, if she had conducted full independent review of the record instead of filing a **Turner/Finley** letter, she "[w]ould have presented and exhausted the PCRA claim that the guilty pleas were invalidated given the failure of defense counsel and the [c]ourt to apprise [Hayes] that the plea-bargained for sentence was likely to be amplified by a parole revocation sentence." Appellant's Brief, at 5.

Hayes raised this claim in his second *pro se* PCRA petition filed on June 9, 2023, which the PCRA court dismissed without comment on July 7, 2023.[2] This claim was not raised in Hayes' first, timely, PCRA petition. We do not find this claim waived, however, as it falls under the gambit of ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) (holding that a PCRA petitioner may raise claims of PCRA counsel's stewardship on appeal if that is the first opportunity to do so). This was Hayes' first opportunity to raise claims of PCRA counsel's stewardship. Therefore, we will address whether PCRA counsel was ineffective for filing a ***Turner***/***Finley*** no merit letter.

Hayes presents this as a layered claim of ineffective assistance of PCRA counsel for failing to assert trial counsel was ineffective in not advising Hayes of the consequences of his guilty plea.

> To preserve a layered ineffective assistance of counsel claim, appellant must plead and prove that: (1) trial counsel was ineffective for a certain action or failure to act; and (2) [PCRA] counsel was ineffective for failing to raise trial counsel's ineffectiveness. As to each relevant layer of representation, appellant must meet all three prongs of the ***Commonwealth v. Pierce***, [] 527 A.2d 973 ([Pa.] 1987) test for ineffectiveness. A failure to satisfy any of the three prongs of the ***Pierce*** test requires rejection of a claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of [PCRA] counsel.

> The "***Pierce*** test" requires appellant to prove, with respect to [PCRA] counsel: (1) the underlying claim of trial counsel's

---

[2] The PCRA court dismissed Hayes' second PCRA petition on July 7, 2023, because "[o]n June 27, 2023, the [PCRA court] reinstated appellate rights *nunc pro tunc* from the [order] of August 17, 2022 dismissing the PCRA of February 28, 2022 ([Hayes'] first)." ***See*** Order, 7/7/23.

ineffectiveness has arguable merit; (2) [PCRA] counsel had no reasonable basis for failing to pursue the claim; and (3) but for [PCRA] counsel's ineffectiveness, a reasonable probability exists that the outcome of the [PCRA proceedings] would have been different.

***Commonwealth v. Thomas***, 44 A.3d 12, 16-17 (Pa. 2012) (cleaned up, brackets, footnote, and citations omitted). "The law presumes counsel has rendered effective assistance." ***Commonwealth v. Postie***, 200 A.3d 1015, 1022 (Pa. Super. 2018) (*en banc*) (citation omitted). If a claim lacks arguable merit, "counsel cannot be deemed ineffective for failing to raise it." ***Commonwealth v. Koehler***, 36 A.3d 121, 140 (Pa. 2012).

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant entered his plea on the advice of counsel, the voluntariness of the plea depend on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted; paragraphing edited). Notably, "a defendant's lack of knowledge of the collateral consequences of pleading guilty does not undermine the validity of his guilty plea." ***Id.*** at 193 (citation omitted). "[C]ounsel's failure to advise his client regarding the collateral consequence of parole revocation in an unrelated matter would not, without more, constitute a basis for allowing the defendant to withdraw his guilty plea." ***Id.*** at 195-96 (citation omitted and emphasis removed). Therefore, "counsel, in providing adequate assistance to

a criminal defendant who is contemplating a guilty plea, is not required to advise a defendant of the collateral consequences of pleading guilty." *Id.* at 193.

Hayes acknowledges that the revocation sentence is a collateral consequence. *See* Appellant's Brief, at 10 ("this is a collateral consequence distinct from the sentence imposed relative to the guilty pleas[.]"). Hayes asserts, however, that he should have been advised "that the very act of pleading guilty under the circumstances of a known probationary term to which the defendant is then subject poses the consequence of [an] additional sanction being imposed in the form of a revocation sentence." *Id.* We disagree.

It is well-established that a parole revocation is a collateral consequence, and unless a defendant is affirmatively misled or erroneously advised about the consequences of his plea, the plea is not involuntarily and unknowingly entered simply because the defendant was unaware that his guilty plea would subject him to a revocation sentence. *See Commonwealth v. Kelley*, 136 A.3d 1007, 1013-14 (Pa. Super. 2014) (vacating the sentence where plea counsel was ineffective for erroneously advising Kelley his new sentence would run concurrent with his state parole revocation in violation of the Parole Act); *Barndt*, 74 A.3d at 201 ("when it comes to collateral consequences of a guilty plea, counsel's sins of omission must be treated differently than his sins of commission."). Hayes does not assert his counsel

affirmatively misled him or erroneously advised him regarding his revocation. Hayes merely asserts he was not advised that he faced a consecutive revocation sentence. *See* Appellant's Brief, at 10. We decline to extend our prior precedent to include that counsel must advise a client of such a collateral consequence. Therefore, this claim does not have merit; consequently, PCRA counsel cannot be found ineffective for failing to raise a meritless issue. *See* **Koehler**, 36 A.3d at 140.

Our inquiry does not end here, however, because Hayes has not requested to withdraw his guilty plea. *See* Appellant's Brief, at 11-12 ("[Hayes] is not seeking to withdraw his guilty plea … ."). Hayes requests we vacate his sentence and remand for a new sentence to be imposed that considers the three-year revocation sentence entered by the Pennsylvania Board of Probation and Parole. *See* Appellant's Brief, at 7-8, 11 ("[Hayes] posits that this Court possesses the authority and discretion to fashion a remedy of this nature relative to the enforcement of the terms of plea agreement in lieu of the withdrawal of the underlying plea.") (citations omitted); PCRA Petition, 6/9/23, at 3 (pagination added for ease of reference) ("Petitioner points out that he is not requesting to withdraw the plea but simply asking for a modification of sentence to reflect the 6 year minimum, which has now turned into a 9 year minimum[.]").

Hayes cites to two cases to support his requested relief. In Hayes' Appellant's Brief, at page 12, he cites to **Commonwealth v. Zuber**, 353 A.2d

441 (Pa. 1976), and **Commonwealth v. Alvarado**, 276 A.2d 526 (Pa. 1971), in support of his contentions. In both cases, the petitioners asserted that their plea was induced by promises made by the Commonwealth that were not adhered to after the plea was entered. **See Zuber**, 353 A.2d at 443 (the Commonwealth agreed that the sentence imposed run concurrently with Zuber's back-time owed on his prior conviction for which he was on state parole); **Alvarado**, 276 A.2d at 527 (the Commonwealth agreed not to seek the death penalty, but at sentencing, the Commonwealth emphasized the brutal nature of the crime instead of informing the court that they had agreed not to seek the death penalty). As such, we believe Hayes is asserting that his plea bargain was not adhered to because his expectation "failed to include a three year bump arising from a collateral revocation." Appellant's Brief, at 11. Therefore, we address whether Hayes received the benefit of his plea bargain. **See Commonwealth v. Kerns**, 220 A.3d 607, 612 (Pa. Super. 2019) ("The designation of the petition does not preclude a court from deducing the proper nature of a pleading.") (citation omitted).

We note that "a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." **Id.** at 611-12 (citations omitted). This is because "[a]lthough a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards." **Id.** at 612 (citation omitted). "Contract interpretation is a

J-S18013-24

question of law, so our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary." *Id.* at 612.

We are further mindful that "disputes over any particular term of a plea agreement must be resolved by objective standards [and a] determination of what promises constitute the plea bargain must be based upon the totality of the circumstances and involves a case-by-case adjudication." *Id.* (citation omitted). "Whether a particular plea agreement has been breached depends on what the parties to the agreement reasonably understood to be the terms of the agreement." *Id.* at 613 (citation omitted).

A thorough review of the record shows that Hayes' revocation sentence was not part of the plea negotiations. The terms of the agreement were straightforward: Hayes would plead guilty to drug delivery resulting in death, the Commonwealth would recommend a sentence of 6 years, 9 months to 13 years, 6 months and the Commonwealth would enter a *nolle prosequi* for the remaining charges. *See* Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea (single page). Specifically, the agreement Hayes signed stated:

> I understand that any plea bargain in my case is set forth here and that there has been no other bargain and no other promise or threat of any kind to induce me to plead guilty/no contest. The only plea bargain in my case is pleading guilty to Count 9 – Drug Delivery Resulting in Death, a Felony of the 1st Degree. Wherein both parties agree to recommend a sentence of 6 years and 9 months – 13 years and 6 months. In exchange, the Commonwealth will *nolle pros* all remaining counts, with costs on the defendant. Defendant agrees to pay restitution in the amount of $14,350 for the funeral expenses of Ryan Woods. Defendant

- 11 -

agrees to pay prosecution costs in the [amount] of $1,250 (expert report). Defendant agrees to pay lab fees in the amount of $176 (drug analysis) & $113 (drug analysis) to PSP.

*Id.*

The terms of the agreement were fulfilled. The Commonwealth recommended the trial court impose a sentence of 6 years, 9 months to 13 years, 6 months and the trial court did impose that sentence. *See* N.T. Guilty Plea and Sentencing, 10/11/21, at 17-18, 19. The Commonwealth requested, and the trial court granted, a *nolle prosequi* for the remaining charges. *See id.* at 7. Hayes cannot now assert the agreement included a term never discussed. This claim has no merit.

Therefore, where Hayes has failed to plead and prove the ineffective assistance of plea and PCRA counsel and failed to show that he bargained for a sentence that included his parole revocation exposure, we affirm the order of the PCRA court dismissing Hayes' PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/5/2024